Gregory J. Hughes #071288
Christopher D. Hughes #254864
**HUGHES LAW CORPORATION**
3017 Douglas Boulevard, Suite 300
Roseville, California 95661
Telephone: (916) 774-7506
Facsimile: (916) 791-1644
Email: hughes@hugheslc.com

Attorneys for Geoffrey Richards,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DARSHAN SINGH VIRK,<br><br><br><br><br><br><br><br>                            Debtor. | Case No.: 13-25369-D-7<br><br>DCN: CDH-004<br><br>**TRUSTEE'S MOTION TO APPROVE SALE OF REAL PROPERTY**<br><br>Date:  September 16, 2014<br>Time:  9:30 a.m.<br>Dept.  C (Courtroom 35) |

To THE HONORABLE CHRISTOPHER M. KLEIN, United States Chief Bankruptcy Judge:

Pursuant to 11 U.S.C. § 363(b), Geoffrey Richards, Trustee ("Trustee") for the above-captioned Chapter 7 Estate of Darshan Singh Virk ("Debtor") hereby requests that the Court authorize him to sell real property of the Estate and to pay necessary closing costs, including commissions incurred by real estate professional.  In support of this request, the Trustee states as follows:

1. On or about April 18, 2013, the Debtor filed his voluntary Chapter 7 petition with the Bankruptcy Court for the Eastern District of California (Case No. 13-25369-D-7).  Mr. Richards was subsequently appointed as the Chapter 7 Trustee and is acting solely in his capacity as the court-appointed Chapter 7 Trustee, and not as an individual.

2.     On or about November 23, 2010, Debtor transferred to his son, Karran Virk, a parcel of real property commonly referred to as 615 First Street, Wheatland, CA (the "Wheatland Property").  By means of a settlement agreement, the Wheatland property was deeded to Trustee to liquidate as property of the Estate.  A true and correct copy of the grant deed from Karran Virk to Trustee is submitted herewith as Exhibit 1.

3.     The Trustee has investigated the value of the Wheatland Property and has engaged the services of Lisa McKee to assist him with marketing the property.  In February of 2014, the Wheatland Property was placed on the market.  Over time, the listing price was adjusted to reflect actual market conditions.  Based on the information available to the Trustee at this time, he believes that $80,000 is a fair market price for the Wheatland Property, especially since the property is to be sold as is.

4.     Trustee has negotiated a sale of the Wheatland Property to Ronna Mae Eaton Family Trust and Jeffrey B. Odell ("Buyers") for $80,000, pending this Court's approval.  The agreement has been reduced to writing by means of a purchase agreement and counter offer ("Purchase Agreement").  Buyers have deposited $500 and will increase the deposit to five percent (5%) of the sales price shortly upon entry of an order authorizing the sale.  A true and correct copy of the Purchase Agreement, with Counter Offer addendum, is submitted herewith as Exhibit 2.

5.     Trustee is aware that prior to filing his petition, Debtor obtained a loan from Wells Fargo, secured by the Wheatland Property.  Placer Title Company obtained information related to a lien held by Wells Fargo against the Wheatland Property.  Placer Title Company prepare a estimated net sheet reflecting the payoff amount for the loan is $32,774.73.  A true and correct copy of the estimated net sheet prepared by Placer Title Company is submitted here with as Exhibit 3.

6.     Based on the information in Exhibit 3, the remaining closing costs, including commissions to real estate professionals (which total $4,800) are estimated to be $6,425.89.

7. After paying closing costs and satisfying the secured claim of Wells Fargo, the Trustee anticipates that the Estate will receive $40,799.38 from the sale of the Wheatland Property.

8. Sale of the Wheatland Property will be subject to overbids. Any person or entity wanting to overbid the current offer of $80,000 at the time of the hearing is free to do so. The Trustee suggests overbids in the minimum amount of $2,000. In the event that an overbid is approved, the successful bidder must deliver to the Trustee five percent (5%) of the sale price within five days of entry of an order approving the sale. Thereafter, the balance of the sale price must be paid into escrow and escrow must close within thirty days of entry of an order approving the sale.

9. The sales will be "as is".

10. 11 U.S.C. § 363(b) authorizes the Trustee to sell property of the estate other than in the ordinary course of business after receiving approval from the Court upon the conclusion of a noticed hearing.

11. The Trustee respectfully requests that the Court waive the fourteen (14) day stay of the order authorizing the sale of the Wheatland Property, pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

12. The Trustee also respectfully requests authority to pay all necessary closing costs, including the commissions of the real estate professionals. The estimated closing costs are listed on Exhibit 3.

13. On or about February 13, 2014, the Court entered an order authorizing employment of Lisa McKee as a real estate professional. [See Docket No. 54]. Pursuant to this Court's order, compensation will be awarded on the basis of a six percent commission of the sales price of the properties. Six percent commission of $80,000 equals $4,800. The services rendered by Ms. McKee relate to marketing the Wheatland Property, showing the Wheatland Property to prospective buyers, negotiating the purchase price of the Wheatland Property with the buyer, preparing the appropriate paperwork to sell the Wheatland Property, and communicating with the title company regarding issues related to the Wheatland Property.

14. No payment will be made to real estate professionals until the sale proceeds are paid to the escrow company. Once the Trustee collects the sale proceeds, there will be sufficient funds to pay all administrative expenses, including the real estate professional commissions, and to make partial payments to creditors.

15. The Trustee further requests authority to execute all documents, including a grant deed, necessary to complete the contemplated sale.

WHEREFORE, the Trustee requests that the Court approve the above-described sale and authorize him to implement it. Additionally, the Trustee requests authority to pay all closing costs out of escrow, including a 6% commission to real estate professionals, and to execute all documents necessary to complete the contemplated sale. The Trustee also requests that the Court waive the fourteen day stay of the order authorizing the sale of the Wheatland Property, pursuant to Rule 6004 of the Federal Rules of Bankruptcy Procedure.

Hughes Law Corporation

Dated: August 19, 2014

By: */s/ Christopher D. Hughes*
Christopher D. Hughes, Attorney for
Geoffrey Richards, Chapter 7 Trustee